MAX MORTON GOLDEN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 8650

June 26, 1979

596 P.2d 495

*William N. Dunseath,* Public Defender, *Laurence W. McNabney,* and *Michael B. McDonald,* Deputy Public Defenders, Washoe County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, *Kathleen M. Wall,* and *John L. Conner,* Deputy District Attorneys, Washoe County, for Respondent.

## OPINION

By the Court, HOYT, D. J.:[1]

Appellant was charged by indictment with possession of a controlled substance and conspiracy to violate the controlled substances act (NRS 453.336; NRS 453.401). Prior to trial, he brought a motion to suppress evidence, which was denied by the district court. Subsequently, the evidence was introduced at trial, and appellant was convicted by jury verdict. In this appeal appellant contends his conviction should be reversed because the district court erroneously denied the motion to suppress. We disagree.

During the early morning of August 3, 1973, appellant delivered a large black suitcase to Bernard Bork, a United Airlines customer service agent at the Los Angeles Air Freight Terminal. Appellant advised Bork that the suitcase had been left behind and he was shipping it to a friend in Reno. Thereafter, Bork's suspicion was aroused because of the appellant's reluctance and apparent failure to accurately fill out the shipper's form; his suspicious dress; the fact that he paid cash for the shipment; and, his generally "evasive" and "apprehensive" manner. Based on his suspicion, Bork opened the suitcase, and among its contents found two plastic bags filled with a large quantity of white pills. These pills were later identified as amphetamine tablets.

The only cognizable issue in this appeal is whether there was sufficient government involvement in Bork's search of appellant's air freight shipment to invoke constitutional protection under the Fourth Amendment.

In our view, a search of an air freight shipment conducted by an airline employee is a private search and lacks the significant state involvement required to place it within the purview of the Fourth Amendment. *See* United States v. Gumerlock, 590 F.2d 794 (9th Cir. 1979); United States v. Pryba, 502 F.2d 391 (D.C.Cir. 1974).

---

[1]The Governor, pursuant to Nev. Const. art. 6, § 4, designated the Honorable Merlyn H. Hoyt, Judge of the Seventh Judicial District, to sit in place of THE HONORABLE GORDON THOMPSON, Justice, who was disqualified.

Accordingly, the district court properly denied the motion to suppress and the judgment of conviction is affirmed.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.